UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL WOODMAN, | ) | Case No.: 1:10 CV 1818 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

*Pro se* Petitioner Carl Woodman ("Petitioner" or "Woodman") filed a Petition for a Writ of Habeas Corpus Pursuant to § 2241 ("Petition") (ECF No. 1). Currently pending in the above-captioned case is Woodman's Second Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue Releasing Petitioner Upon Bail on December 23, 2010 (ECF No. 12) ("Second Motion"). For the following reasons, the court denies the Motion.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 19, 2002, a jury convicted Woodman of Conspiracy to Defraud the United States, in violation of 18 U.S.C.§ 371 and Failure to file a Tax Return, in violation of 26 U.S.C. §7203. This court sentenced him on April 15, 2003, to a prison term of 12 months and one day on both Counts. Six days later, this court granted Petitioner's Motion to Stay Execution of Prison Sentence pending appeal and for the appointment of counsel on appeal.

During the pendency of his appeal and thereafter, Woodman telephoned his pretrial services officer on a weekly basis. When he relocated to a different address in Lakewood, Ohio in September 2003, Woodman notified his pretrial services officer ("PO").

The Sixth Circuit Court of Appeals affirmed Woodman's conviction on November 29, 2004. Thereafter, Petitioner continued his weekly calls to pretrial services. It was not until early October 2009, that the PO advised Petitioner that he was scheduled to surrender to federal prison in Morgantown, West Virginia "three days ago." (Pet.'s Memo. in Supp. of Petition, ECF No. 1-1, at 3.) Woodman was unaware of this notice and later learned it was sent to his former address.

Petitioner contacted the court, as instructed by his PO. Counsel was appointed for Woodman on November 25, 2009. A telephone conference was conducted on December 1, 2009, after Petitioner's attorney filed a November 30, 2009 Motion to Defer Self Surrender to the BOP. This court recommended the deferral of Petitioner's date of self-surrender until January 11, 2010.

On January 8, 2010, Petitioner's attorney filed a Motion to Alter Judgment and to Modify Sentence Pursuant to 18 U.S.C. 3582(c)(2) (ECF No. 150) and another Motion to Defer Self Surrender to the BOP until February 11, 2010 (ECF No. 151). Three days later, Petitioner filed a *pro se* Motion (letter) for Emergency Stay of Execution of Sentence Due to Obsolete PSI report and Grossly Inaccurate and Missing Medical Information (ECF No. 152). The court granted the Motion to Defer and Woodman was scheduled to self surrender to the BOP on February 11, 2010.

On February 10, 2010, Petitioner's attorney filed a Motion to Further Defer Self-Surrender Date (ECF No. 154) and a Motion Requesting the Court to Consider Medical Letter from Dr. Clifford D. Packer, M.D. regarding the Defendant (ECF No. 155). The following day, this court denied Petitioner's Motion to Alter Judgment and to Modify Sentence Pursuant to 18 U.S.C.

2

3582(c)(2) based on a lack of jurisdiction. The same date, Petitioner's Motion to Self Surrender on January 11, 2010 was denied as moot. Petitioner self surrendered to the BOP on February 11, 2010.

An Order requiring Respondent make a return to the writ, which Petitioner filed on August 18, 2010, within twenty days was issued on November 19, 2010. (ECF No. 9.) The Return was due on December 9, 2010. Respondent filed a Motion for Extension of Time, in which he asked for an extension until December 17, 2010, to respond to the Order to Show Cause. (ECF No. 14.) Respondent maintained that he had not been served with the Petition or the court's Order. (*Id*.) As a result, Respondent has not filed an opposition to the instant Motion.

In the instant Motion, Petitioner maintains that he is scheduled to be released on December 25, 2010. However, because the Receiving and Discharge Department will not be open on December 24, 2010, and December 25, 2010, Petitioner avers that he will be released on December 23, 2010. (Second Motion, ECF No. 12, at p. 3; Woodman's Aff., ECF No. 12-1.) Petitioner argues that he will be credited for December 24th and 25th pursuant to the "doctrine of credit for time at liberty." (*Id*.) Petitioner requests "an Order instructing the Government NOT to award Petitioner credit toward his sentence in criminal matter number 01-cr-526 out of this Court for the dates of December 24, 2010 and December 25, 2010." (Second Motion, ECF No. 12, at p. 1.) Petitioner wishes to stay the execution of his sentence pending the disposition of his habeas petition. (*Id*., at p. 3.)

## II. LEGAL STANDARD FOR A TEMPORARY RESTRAINING ORDER

The court must review the following four factors to determine if a TRO is warranted in this context: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4)

whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985); *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir.1977). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id*. at 1229.

Petitioner has a further burden to overcome to show that he is entitled to bail pending a decision on the merits of his habeas petition. The Sixth Circuit determined that,

> [i]n order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice."

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (Douglas, J., in chambers)); *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993).

Temporary restraining orders can be issued *ex parte* in certain circumstances. Federal Rule of Civil Procedure 65(b) states:

> **(b) Temporary Restraining Order.**
> **(1) *Issuing Without Notice*.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

### III. LAW AND ANALYSIS

### A. Likelihood of Success

The court already determined that Petitioner is unlikely to succeed on the merits of his habeas petition. (*See* Order, ECF No. 8, at pp. 5-10.) Petitioner offers no new compelling

arguments on this matter in the instant Motion.

### B. Irreparable Injury

Petitioner argues that his irreparable injury is the fact that his habeas petition will become moot when he is released from prison. (Second Motion, ECF No. 12, at p. 4.) Petitioner provides no case law stating that an eventual mootness of a habeas petition is an irreparable injury. The court finds that Petitioner will not be irreparably harmed if this Second Motion is denied.

### C. Harm to Others

Petitioner argues that granting this Motion will not harm others. The court agrees.

### D. Public Interest

Petitioner argues that the public interest will be served by granting the instant Motion because there "is the need to preserve the case and controversy to bring possible abuses of governmental power to the public light." (Second Motion, ECF No. 12, at p. 7.) Petitioner cites *Espinoza v. Sabol*, 558 F.3d 83, 89, n. 6 (1st Cir. 2009). That case does not stand for the premise that a case should be preserved for the purposes of adjudication on the merits, as Petitioner suggests. *Id*. (In fact, footnote 6 reads: "Even under the broader view, the doctrine [of credit for time erroneously at liberty] is not a broad discretionary criminal equity doctrine but takes into account society's interest in having prisoners serve their sentences, the need to avoid intentional abuses of government power, and the impact on a prisoner who has genuinely started a new life.") Rather, the case determined that Espinoza was not entitled to credit for the fourteen-month period that he was mistakenly at liberty when federal authorities released him prior to the expiration of his sentence. *Id*., at 90. Further, there is a public interest concern of judicial economy that weighs against granting this Second Motion. If the court granted the instant Motion and Petitioner were to succeed

5

on his habeas petition on appeal, then he would not have to serve two days of his jail sentence. However, if the court were to deny the instant Motion and Petitioner's appeal were to become moot when he was released, then the outcome would be the same. He would not have to serve the two days, namely December 24 and 25, 2010, because, according to Petitioner, he is to be released on December 23, 2010. Therefore, judicial economy supports denying Petitioner's Second Motion.

Therefore, the court finds that the likelihood of success, irreparable injury, and public interest prongs all weigh against granting Petitioner's Second Motion. The harm to others prong weighs in Petitioner's favor. Therefore, on balance, Petitioner has not shown that his Second Motion for a Temporary Restraining Order should be granted.

### IV. CONCLUSION

For the foregoing reasons, the court hereby denies Petitioner's Second Motion (ECF No. 12).

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 22, 2010